## EX PARTE E. M. TURNER.

The provision of the Constitution of the State and of the Confederate States, guaranteeing to every citizen a speedy and public trial in all criminal accusations, cannot be held to mean, that in all the possible vicissitudes of human affairs, a person who is accused of a crime shall have a speedy and public trial, in due form of law; but it was intended to prevent the government from

oppressing the citizen, by holding criminal prosecutions suspended over him for an indefinite time; and to prevent delays in the customary administration of justice, by imposing upon the judicial tribunals an obligation to proceed with reasonable dispatch, in the trial of criminal accusations.

This constitutional provision applies to all criminal accusations, without respect to the grade of crime of which the accused may stand charged; and while it is intended for the protection of the citizen, it does not place him upon such a vantage ground, that the State cannot demand from him such services, as under the circumstances of the country he ought, for the public good, or for the public safety, to render.

The State, by her militia law, has not exempted from military service persons who are under bond to answer criminal accusations of any kind; nor does the exemption law of the Confederate States, excuse such persons from service; but, by necessary construction, the militia law of the State and the conscript laws, must be held to operate only on persons who are enjoying the rights of citizens, and in the exercise of personal freedom.

One who is under bond to appear before the civil tribunals, is to a certain extent, in the custody of the tribunal, or of the law; but being in the actual enjoyment of personal freedom, for the time being, a party may be required by the State, to render any service not inconsistent with the qualification which has been, by law, imposed upon the right of a party to enjoy his freedom, and not inconsistent with the policy which the State has declared by her general law for the punishment of crimes.

It seems that the District Court has the power to issue a writ, to a military officer having a party under bond, to appear before such Court, in a camp within its jurisdiction, requiring him to bring the party into Court, for trial; and it would be the duty of the officer to obey the writ.

A party under bond for his appearance, to answer a charge of felony, is not thereby exempted from military service in the State or Confederate army, during the pendency of the accusation.

BELL J., delivered the opinion of the Court.
Applicant remanded to custody of military authorities.

[Note.—The Reporter not having been furnished with the record, the usual statement of facts is omitted.]